FERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* OBEN, DEFENDANT AND APPELLEE (COMMISSIONER-OF THE INTERIOR, INTERVENOR AND APPELLEE).

APPEAL from the District Court of Guayama in a Matter of Attachment.

No. 1692.—Decided February 19, 1918.

ATTACHMENT—INTERVENTION—TRIAL DE NOVO.—In a matter of the setting aside of an attachment appealed to the district court a motion for leave to intervene made before the trial or hearing in the said court is not too late because judgment had been rendered by the municipal court and the said appeal had been perfected, for the proceeding in the district court is *de novo* from beginning to end.

ID.—SCHOOL BOARD—GARNISHMENT.—A school board or the members thereof are not subject to garnishment, as it would be against public policy to permit them to be summoned as garnishees.

The facts are stated in the opinion.

*Messrs. Antonio Sarmiento* and *C. Domínguez Rubio* for the appellant.

*Mr. M. A. Martínez Dávila.* for the defendant.

*Messrs. Howard L. Kern,* Attorney General, *Salvador Mestre, Fiscal* of the Supreme Court, and *R. H. Todd, Jr.,* for the intervenor.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Francisco Fernández filed suit in a municipal court against Rufo Oben to recover $499.95 for material purchased by defendant to be used in the construction of a school house, alleging breach of a promise to pay in instalments as defendant might receive partial payments from time to time during the course of the work from The People of Porto Rico.

Plaintiff having obtained a writ of attachment, instructed the marshal in writing to attach as property of the defendant:

"All the money the School Board of Cayey would have to pay the defendant as the balance of the amount of the contract entered into by the plaintiff with the Department of the Interior and the School Board of Cayey, for the building of a school house in the ward of Jájome Bajo of this municipality; notifying them that said amount is $983.76, the defendant having already received the sum of $283."

The return of the marshal endorsed on the writ recites:

"The foregoing writ of attachment was received by me on February 12, 1917, and on the 13th day of said month I proceeded to attach and attached as of the property of the defendant, Rufo Oben, upon instructions received from the plaintiff in a motion to that effect, the following: Five hundred and fifty dollars out of the sum of seven hundred dollars and seventy-six cents, to be received by the defendant as the amount of a contract entered into by him and the Department of the Interior and the School Board of Cayey for the construction of a school house in the ward of Jájome Bajo in said municipality.

"The said contract was executed on November 25, 1916, for the sum of $983.76, of which the defendant has already received $283. The levy having been made, I notified defendant, giving him the information required by law, and, as requested by plaintiff, I also notified the treasurer of the school board of Cayey."

Later, and after judgment rendered in the original suit, the municipal court, at the instance of the defendant, set aside the levy, and from this order plaintiff appealed to the district court.

Upon the day of the hearing the Commissioner of the Interior asked for and obtained leave to intervene as a party to the contract with defendant by the Department of the Interior and the school board for the construction of a school house; and the district court likewise held the levy to be a nullity.

Appellant insists that this order should be reversed for the following reasons:

*First.*—Because the intervention of the *fiscal* was improperly admitted.

*Second.*—Because there is a violation of the law of the contract entered into between plaintiff Rufo Oben (?) and the defendant Rufo Obén.

*Third.*—Because an erroneous application was made of the decisions regarding the exemption from levy and execution of property belonging to corporations or public or semi-public entities.

*Fourth.*—Because property not exempt from execution by law has been exempted herein.

The argument under the first proposition is that the motion for leave to intervene came too late: after judgment in the municipal court and after the perfecting of an appeal from the order entered subsequently to such judgment. It is also suggested that the pleading of intervenor shows on its face the absence of any public interest, in that the same concludes with a prayer not only that the levy be set aside, but that the money attached in the hands of the school board be left at the free disposition of the defendant, Rufo Oben.

It is true that the form of the pleading leaves much to be desired, and the theory upon which the same proceeds seems to be somewhat hazy; but neither of the orders goes beyond the setting aside of the levy, and it does not appear that plaintiff was misled to his prejudice nor that the district court misconceived the true situation.

In the district court plaintiff first moved to dismiss the motion of defendant to set aside the levy, on the ground that

the defendant was not the proper party to raise the question of public interest. The court suggested that the motion of plaintiff was premature, and then the *fiscal* moved to intervene. Plaintiff objected upon the ground, among others, that the motion was not accompanied by the usual complaint and did not show on its face facts sufficient to warrant such intervention. The court then granted the motion to intervene, directed the *fiscal* to file his complaint, and granted him some two hours or more within which to do so.

This perhaps explains why the *fiscal* followed too closely the pleading already filed by defendant raising the same question, instead of adopting a more independent attitude.

Plaintiff then moved to dismiss, first, because the pleading tendered by the *fiscal* was not a complaint within the meaning of section 72 of the Law of Civil Procedure, and, second, because the Commissioner of the Interior had no right to intervene.

When the complaint was filed the court inquired whether plaintiff was ready to proceed or wanted time to consider, and after a five-minute recess the oral motion to dismiss was the only answer. After this motion was overruled plaintiff made several rather vague, though somewhat more specific, objections in the nature of an oral demurrer, and if the record did not so clearly show that plaintiff suffered no surprise nor prejudice, perhaps a reversal would be necessary. But intervenor, at least, presented the same question already raised by defendant, whose right to insist thereon had been challenged by plaintiff, and injected no other issue into the controversy. In the circumstances, if the point is well taken, to remand the case for a new trial after amendment curing technical and apparently harmless defects of form, would serve no useful purpose.

Appellant overlooks the fact that the proceeding initiated by him in the district court was from beginning to end *de novo*. The intervenor had no quarrel with the order of the municipal court. His interest, like that of defendant, was

not to have the same reversed, modified, or affirmed, but after a full and entirely new hearing of the whole question submitted to the district court by plaintiff to obtain an order similar to, if not in terms identical with, that entered in the municipal court. The first step of plaintiff himself in the district court was to move to dismiss the motion of defendant already sustained by the municipal court in the order appealed from, just as if the setting aside of the levy had been sought for the first time in the district court.

If the statutory provision for a proceeding *de novo* in the district court means anything at all, we fail to perceive why any one who might intervene before the trial in the municipal court may not insist upon the same right for the first time before the trial or hearing *de novo* in the district court. *Ubi eadem ratio ibi idem jus; et de similibus idem est judicium.*

The second proposition of appellant depends upon the third and fourth, for the law governing the matter entered into became a part of the contract, or if it did not, then, in so far as any conflict is concerned, the law and not the agreement between private parties must control. It is equally clear that the fourth proposition must stand or fall with the third, which we need not discuss at great length.

"Whether upon principle, in the absence of specific statutory provision, a school district is subject to the process of garnishment, is a question upon which judicial opinion is not uniform. A majority of the decisions are to the effect that a school district or the officers thereof are not subject to garnishment proceedings. The reason most frequently given for the rule is that to permit school districts or their officers to be summoned as garnishees would be against public policy. On the other hand, there are courts which allow garnishment of school districts, usually under statutes requiring such construction." 12 R. C. L. p. 844, sec. 83.

Neither do the facts in this case, nor the brief of appellant, nor our local laws, nor the decided cases, disclose any adequate reason why we should deviate from the rule here-

tofore announced by this court in *Lamboglia* v. *School Board,* 15 P. R. R. 299, 300, and other cases, as to matters of ordinary attachment, or establish a different rule as to garnishment.

The order appealed from must be

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.